IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

LEVI C. BAKER,

        Plaintiff,

vs.

DB SERVICING CORPORATION and
ZARZAUR & SCHWARTZ, P.C.,

        Defendant.

CIVIL ACTION NUMBER 3:12cv-456-MHT

JURY TRIAL DEMANDED

---

**COMPLAINT FOR VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT AND DECLARATORY RELIEF**

---

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2002.

3. Venue is proper in this District in that Defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Levi C. Baker ("Baker" or "Plaintiff") is a natural person residing in the State of Alabama and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant DB Servicing Corporation is, upon information and belief, a Delaware corporation ("DBSC") providing services for, or on behalf of, Discover Bank ("Discover") including the management services in support of Discover Bank business lines including collections of Discover credit card accounts.

6. DBSC is a "debt collector" as defined by the FDCPA.

7. "Discover Bank" is not "DBSC."

8. Defendant Zarzaur & Schwartz, P.C. is, upon information and belief, an Alabama Professional Corporation ("Zarzaur & Schwartz") engaged in the practice of law with its principal place of business at 2209 Morris Avenue, Birmingham, AL 35203.

9. Zarzaur & Schwartz is a "debt collector" as defined by the FDCPA.

## IV. FACTUAL ALLEGATIONS

10. On May 16, 2011, DBSC, falsely using the name of the original creditor, Discover Bank, by and through Zarzaur & Schwartz, filed a lawsuit in the Circuit Court of Lee County, Alabama, "Discover Bank v. Levi C. Baker," Case Number 43-CV-2011-900237.

11. The basis for the lawsuit was an alleged credit card debt owed by Baker to Discover.

12. In support of its lawsuit, Discover filed an Affidavit purportedly by Deborah Shore, a Legal Placement Account Manager for DBSC, "the servicing agent of Discover Bank."

13. The Shore Affidavit was "made on the basis of [her] personal knowledge and in support of the lawsuit the Debtor(s)." Shore further alleged that she had "access to records" regarding the subject Discover Card account.

14. According to the Shore Affidavit, DBSC "maintains these records in the ordinary course of business."

15. The Shore Affidavit is made upon information and belief and is a statement made out of court, offered for the truth of the matter asserted and therefore, constitutes hearsay.

16. In support of Shore's Affidavit is an account summary dated July 8, 2008 and indicating no transactions on said account for at least the 30 days prior to the closing date.

17. No further account documentation was offered in support of Shore's Affidavit.

18. In support of Shore's Affidavit is a generic Cardmember Agreement without signature, names, account number or date. Printed across the upper left top of the Agreement is "MORAGR.1007TL19 Front 8/22/07 8:53 AM."

19. The Cardmember Agreement attached to the pleadings refers to Discover Bank. No reference is made to DBSC; however, the Affidavit in support of the pleadings states that DBSC maintains the records that were the basis for the lawsuit against Baker.

20. On or about July 1, 2011, Defendants filed an Application, Affidavit, and Entry of Default Judgment against Baker on the grounds that Baker failed to plead, answer, or otherwise defend the complaint filed therein supported by an Affidavit of Naomi Ivker, attorney with Zarzaur & Schwartz.

21. On or about July 7, 2011 a default judgment was entered against Baker.

22. On May 18, 2012, Baker filed a Motion to Set Aside Default Judgment.

23. In support of said Motion, Baker filed an Affidavit stating that he had not had a Discover credit card since at least 2004, and possibly 2003.

24. Baker had not made a scheduled payment on the Discover card account since at least 2004 before said account was declared in default.

25. In 2006, Baker was contacted by a Discover representative who entered into a payment plan with Baker on the representation that he could pay a sum certain and settle the account.

26. Baker made monthly payments to Discover in 2006 per the agreement.

27. After making said payments as agreed, Baker received no further statements or written material from Discover regarding the account.

28. Baker settled the Discover Card account with Discover in full pursuant to the terms of the agreement in 2006.

29. Baker was not served with a copy of the complaint and summons filed against him by Discover.

30. Based upon Baker's affidavit and assuming that the account sued upon by Discover is the account compromised by Baker, the lawsuit was barred by the applicable statute of limitations that applies to any of the claims asserted by DBSC and Zarzaur & Schwartz.

31. Based upon Baker's affidavit, there has been an accord and satisfaction of the subject account.

32. Based upon Baker's affidavit, the Discover card account was paid by compromise agreement.

33. Based upon the affidavit of Shore which was attached to the pleadings filed by Discover, the Discover credit card account was securitized through a forward flow agreement and Discover Bank was not, in fact, the real party in interest and therefore, lacked standing to bring the lawsuit against Baker.

34. Discover was improperly designated as the plaintiff in the lawsuit against Bank when in actuality DBSC was attempting to collect the debt. This would mean that the named plaintiff, Discover, was not the real party in interest and the judgment taken against Baker is void *ab initio*.

35. The documents submitted to the Circuit court by Defendants herein clearly show that the Defendants herein went to great lengths to avoid discussing the actual date of default on the alleged account. Nothing submitted to the Court demonstrated the alleged date of the last payment on the account or the date of default.

36. Defendants herein were well aware that disclosure of such information would have alerted the State Court that DBSC and Zauzaur & Schwartz were seeking to collect time-barred debt.

37. After obtaining a default, the Defendants herein obtained a garnishment of Baker's bank account and impounded the entire balance of Baker's checking account, over $7,000.00.

38. This collection tactic by Defendants herein is the event that alerted Baker to the fact that he had been sued by Discover Bank.

39. The depletion of Baker's account caused extreme difficulties for Baker, to wit:

   a. Baker works in industrial construction on jobs throughout the nation.

   b. At the time his account was emptied he was stationed on assignment in Tennessee.

   c. Baker discovered his account was emptied when he tried to make a purchase.

   d. Baker was then forced to borrow money from his co-workers to drive home to address this situation and to take days off of work to do so.

   e. The actions of the defendants have threatened the Baker's employment.

   f. Baker has been forced to borrow money to employ counsel to attack the judgment.

   g. Baker has been forced to borrow money to pay his bills and to feed his family.

40. Baker has suffered serious mental anguish and embarrassment due to the actions of the Defendants herein.

### CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

41. The allegations in the preceding paragraphs of this complaint are realleged and incorporated herein by this reference.

42. Defendants failed to verify the alleged debt before commencing a lawsuit against Baker.

43. Defendants falsely represented the character, amount and legal status of the alleged debt in violation of 15 U.S.C. § 1692e.

44. Defendants falsely represented that Discover Bank was the real party in interest.

45. Defendants' use of the name of an entity other than the true name of the debt collector is in violation of 15 U.S.C. § 1692e(14).

46. Defendants' filing of the Circuit Court lawsuit asserting that Discover Bank was entitled to bring such a lawsuit was a false and misleading representation in violation of 15 U.S.C. § 1692e(9) in that it simulated lawful process of a court in the State of Alabama, creating a false impression as to its authorization.

47. Defendants herein sought to obtain an unlawful default judgment for the alleged time-barred debt in violation of the FDCPA.

48. Defendants intended to and did enforce an unlawful judgment against Baker.

49. Defendants' actions constitute numerous and multiple violations of the FDCPA with respect to Baker and, as a result, the Defendants are liable to the Plaintiff for actual damages, statutory damages of $1,000.00, punitive damages and attorney's fees.

**WHEREFORE**, the Plaintiff, having set forth his claims for relief against the Defendants respectfully prays of the Court as follows:

A. That the Plaintiff have and recover against the Defendants, jointly and severally, a sum to be determined by the Court in the form of actual damages;

B. That the Plaintiff have and recover against the Defendants, jointly and severally, a sum to be determined by the Court in the form of statutory damages;

C. That the Plaintiff have and recover against the Defendants, jointly and severally, a sum to be determined by the Court in the form of punitive damages;

D. That the Plaintiff have and recover against the Defendants, jointly and severally, all reasonable legal fees and expenses incurred by his attorney;

E. That the Plaintiff have such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Nick Wooten*

Nick Wooten
Nick Wooten - Bar No. WOO084
NICK WOOTEN, LLC
P.O. Box 3389
Auburn, AL 36831
Tel. (334) 887-3000
Fax (334) 821-7720
Email:  nick@nickwooten.com