


## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| LEVI BAKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: 3:12-CV-456-TFM ) |
| DB SERVICING CORPORATION and ZARZAUR & SCHWARTZ, P.C | ) ) ) ) |
| Defendants. | ) |

### ZARZAUR AND SCHWARTZ, P.C'S
### ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Zarzaur and Schwartz, P.C. (Hereafter "Z&S"), through its attorney's of record, hereby answers Plaintiff's Amended Complaint as follows:

### INTRODUCTION

1. Paragraph 1 sets forth legal conclusions to which no response is required. To the extent a response is required, Z&S denies the allegations set forth in Paragraph 1and demands strict proof thereof.

### JURISDICTION AND VENUE

2. Paragraph 2 sets forth legal conclusions to which no response is required. To the extent a response is required, Z&S admits that this Court generally has jurisdiction to hear FDCPA claims and otherwise denies the allegations set forth in Paragraph 2.




3. Paragraph 3 sets forth legal conclusions to which no response is required. To the extent a response is required, Z&S admits that it transacts business in Alabama, and denies the remaining allegations contained in Paragraph 3.

## PARTIES

4. Z&S is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, denies the same.

5. Z&S is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies the same.

6. Z&S is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies the same.

7. Z&S is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies the same.

8. Z&S admits that it is a law firm located at 2209 Morris Avenue, Birmingham, Alabama 35202. The remaining allegations in Paragraph 8 set forth legal conclusions to which no response is required. To the extent a response is required, Z&S denies the remaining legal conclusions in Paragraph 8.

9. Paragraph 9 sets forth a legal conclusion to which no response is required. To the extent a response is required, Z&S denies the legal conclusions in Paragraph 9.

## .FACTUAL ALLEGATIONS

10. Z&S admits that it initiated a collection action against Plaintiff Baker, on behalf of Discover Bank, to collect on a valid and delinquent debt owed by Plaintiff Baker.

11.     Z&S admits that the collection action was filed to collect upon Plaintiff Baker's delinquent Discover credit card debt in the amount of $11,786.38.

12.     Admitted.

13.     Admitted.

14.     Admitted.

15.     Paragraph 15 contains legal conclusions to which no response is required. To the extent that a response is required, Z&S denies the legal conclusions asserted in Paragraph 15 and demands strict proof thereof.

16.     Admitted.

17.     Denied.

18.     Z&S admits that a copy Discover Card's standard Cardmember Agreement was filed along with the "Shore's Affidavit."

19.     Z&S admits, upon information and belief, that DB Servicing Corporation is the servicing agent of Discover Bank, which issued the credit card to Levi Baker, and upon which the collection action was initiated to collect on Levi Baker's delinquent credit card debt.

20.     Admitted.

21.     Admitted.

22.     Admitted.

23.     Admitted.

24.     Z&S lacks sufficient information to admit or deny the statements set forth in Paragraph 24, and therefore, denies the same.




25.     Z&S lacks sufficient information to admit or deny the statements set forth in Paragraph 25, and therefore, denies the same.

26.     Z&S lacks sufficient information to admit or deny the statements set forth in Paragraph 26, and therefore, denies the same.

27.     Z&S lacks sufficient information to admit or deny the statements set forth in Paragraph 27, and therefore, denies the same.

28.     Z&S lacks sufficient information to admit or deny the statements set forth in Paragraph 28, and therefore, denies the same.

29.     Z&S lacks sufficient information to admit or deny the statements set forth in Paragraph 29, and therefore, denies the same.

30.     Denied. Paragraph 30 contains statements that are based upon "assumptions" by Plaintiff's counsel, not evidence in the record, and therefore, these statements are denied. Z&S further denies that the period of limitations for collecting upon an Account Stated had expired at the time this collection action was filed.

31.     Z&S has not been provided any verified records indicating that there has been accord and satisfaction of the account at issue, and therefore, denies the statements contained in Paragraph 31.

32.     Z&S has not been provided any verified records indicating that the Discover card account at issue was paid by compromise agreement, and therefore, denies the statements contained in Paragraph 32.

33.     Z&S lacks sufficient information to admit or deny the statements set forth in Paragraph 33, and therefore, denies the same.

34. Denied.

35. Denied.

36. Denied.

37. Z&S admits that upon receiving a Default Judgment in the amount of $11,786.38 against Mr. Baker from the Circuit Court of Lee County, Alabama, that a garnishment was obtained against Mr. Baker in order to recover the Default Judgment.

38. Z&S lacks sufficient information to admit or deny the statements set forth in Paragraph 38, and therefore, denies the same.

39. Z&S lacks sufficient information to admit or deny the statements set forth in Paragraph 39 and sub-parts, and therefore, denies the same.

40. Z&S lacks sufficient information to admit or deny the statements set forth in Paragraph 40, and therefore, denies the same.

### CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### FOR VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

41. Z&S restates and adopts its responses to Paragraphs 1-40 of this Answer as though fully stated herein.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

5



48. Denied.

49. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim under the FDCPA upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that any violation of state or federal law took place, said violation was not intentional and resulted from a Bona Fide Error as provided in 28 U.S.C. § 1692K(c)

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has not disputed that he incurred the delinquent and valid debt in question.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of "Unclean Hands".

### FIFTH AFFIRMATIVE DEFENSE

Z&S invokes the statute of limitations as provided in 28 U.S.C. § 1692K(d).

### SIXTH AFFIRMATIVE DEFENSE

Z&S adopts and incorporates by reference herein all affirmative defenses which may be set forth in the Answers of the co-defendants.

### SEVENTH AFFIRMATIVE DEFENSE

Z&S generally denies any and all averments in the Complaint.

 

## EIGHTH AFFIRMATIVE DEFENSE

Z&S states that all responses not herein above specifically admitted or denied are hereby specifically denied.

## NINTH AFFIRMATIVE DEFENSE

Z&S specifically reserves the right to supplement and/or amend its Answer after completing further discovery and investigation in this cause.

## JURY DEMAND REQUESTED

Respectfully submitted,.

/s/ *Stewart W. McCloud*

Stewart W. McCloud (asb-9656-A50M)
James R. Shaw (asb-7523-H49J)
Attorneys for Defendant
Zarzaur and Schwartz, P.C.

HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Hwy 280 South, Suite 200
Birmingham, AL 35223
(205) 251-1193 phone
(205) 251-1256 fax
smccloud@huielaw.com
jshaw@huielaw.com




**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of June, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and have placed a copy of same in the U.S. Mail, postage prepaid and properly addressed to:

Nick Wooten, Esq.
NICK WOOTEN, LLC
P. O. Box 3389
Auburn, AL 36831
nhwooten@gmail.com

        /s/ *Stewart W. McCloud*
Of Counsel